Case 4:23-cv-01136   Document 7   Filed on 04/27/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KORLA COLEMAN, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-1136 |
| TVONE LLC, et al., | § § § | |
| Defendants. | § | |

### ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO ALLEGE FACTS ESTABLISHING SUBJECT MATTER JURISDICTION

On March 28, 2023, Plaintiffs, Korla Coleman, Christopher Coleman, Thelma Thomas, Aniya Coleman, and Joshua Coleman, filed a General Complaint ("Plaintiffs' General Complaint") (Docket Entry No. 1), against defendants, Tvone, LLC, Jupiter Entertainment, Mara S. Campo, Keith Alexander, Baytown Sun, and Matt Hollins, alleging that Defendants have aired untrue stories about murder victim Steven Coleman and his family.  Plaintiffs seek an order to stop defendants from featuring Steven Coleman on their shows.[1]

On March 29, 2023, the court entered an Order (Docket Entry No. 2) notifying Plaintiffs that

> Federal Courts are courts of limited jurisdiction.  The complaint does not allege a basis for federal jurisdiction.
>
> Plaintiffs are **ORDERED** to file an Amended Complaint by April 26, 2023, that alleges a valid basis for federal jurisdiction.  The failure to [do] so may result in dismissal of this action without further notice to the Plaintiffs.[2]

---

[1] Plaintiffs' General Complaint, Docket Entry No. 1, p. 5.

[2] Order, Docket Entry No. 2.

Federal courts are courts of limited jurisdiction, <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 114 S. Ct. 1673, 1675 (1994), and therefore "must presume that a suit lies outside this limited jurisdiction." <u>Howery v. Allstate Insurance Co.</u>, 243 F.3d 912, 916 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 459 (2001). "Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, <u>sua sponte</u> if necessary, whether it has jurisdiction before the merits of the case can be addressed." <u>Filer v. Donley</u>, 690 F.3d 643, 646 (5th Cir. 2012). See also <u>A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue</u>, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting <u>Henderson ex rel. Henderson v. Shinseki</u>, 131 S. Ct. 1197, 1202 (2011)). Plaintiffs, as the parties asserting federal jurisdiction, bear the burden to demonstrate complete diversity. <u>Howery</u>, 243 F.3d at 916.

Because Plaintiffs have not alleged any claim based on federal law, they must establish federal jurisdiction under 28 U.S.C. § 1332, which requires complete diversity between plaintiffs and defendants. <u>McLaughlin v. Mississippi Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" <u>Id.</u> (quoting <u>Harrison v. Prather</u>, 404 F.2d 267, 272 (5th Cir. 1968) (per curiam)).

Plaintiffs responded to the court's March 29, 2023, Order, on April 12, 2023, by filing a document stating that "[t]his is a[n] Amended Petition. I Korla Coleman reside in New Orleans, L.A. My son Steven Coleman resided in Houston, Tex."[3] On April 14, 2023, Plaintiffs filed a document stating that "I Korla Coleman, Christopher Coleman and Joshua Coleman reside[] in New Orleans, LA. My son Steven Coleman resided in Houston, Texas. My granddaughter A.C., a minor, and her mother Thelma Thomas reside[] in Houston, Texas. This is [an] amended petition."[4] The amendments to Plaintiffs' General Complaint indicate that Plaintiffs are citizens of Louisiana and Texas. Although Plaintiffs have not specifically alleged the citizenship of all defendants, their General Complaint alleges the following addresses for three of the defendants: Tvone, 1010 Wayne Ave., Silver Spring, Maryland 20910-5668; Jupiter Entertainment, 136 Madison Avenue, New York, New York, 10016; and Baytown Sun, 1301 Memorial Drive, Baytown, Texas 77520.[5] Because Plaintiffs allege that plaintiffs A.C. and Thelma Thomas are citizens of Texas, and because the addresses alleged for Defendants in Plaintiffs' General Complaint suggest that at least one of the defendants, Baytown Sun, is also a citizen of Texas, Plaintiffs have still not alleged a valid basis for federal jurisdiction.

---

[3] Docket Entry No. 5.

[4] Docket Entry No. 6.

[5] Plaintiffs' General Complaint, Docket Entry No. 1, p. 2.

Because despite having been warned by the court Order (Docket Entry No. 2) entered on March 29, 2023, that the failure to file an amended complaint that alleges a valid basis for federal jurisdiction may result in dismissal of this action without further notice, and because despite having received this warning, on April 12, 2023, and again on April 14, 2023, Plaintiffs filed amendments to their General Complaint, which do not allege a basis for federal jurisdiction, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SIGNED** at Houston, Texas, on this 27th day of April, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE